ROBERT L. MEZZETTI II (114282)
MAUREEN PETTIBONE RYAN (245438)
CHRISTOPHER R. MEZZETTI (282287)
MEZZETTI LAW FIRM, INC.
31 East Julian Street
San Jose, CA 95112
Telephone: (408)279-8400
Facsimile:   (408) 279-8448

Attorneys for Plaintiff
JOANNE S. SILIN

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOANNE S. SILIN,<br><br>        Plaintiff,<br><br>v.<br><br>INSTANT POT, a Canadian company;<br>AMAZON.COM LLC, a Delaware limited<br>liability company; and DOES 1 through 99,<br>inclusive,<br><br>        Defendant. | Case No.:<br><br>COMPLAINT FOR PERSONAL INJURY,<br>GENERAL NEGLIGENCE AND<br>PRODUCTS LIABILITY<br><br>**DEMAND FOR TRIAL BY JURY** |

Plaintiff Joanne S. Silin ("Plaintiff" or "Silin") complaining of Defendants, and each of them, demands a trial by jury of all issues and causes of action and alleges that:

## PRELIMINARY ALLEGATIONS

1.      This is a complaint for personal injury arising from a malfunctioning Instant Pot IP-DUO60 7-in-one Programmable Product (6Qt) (the "Product") in Santa Clara County, California, on March 6, 2016.  The Product was designed, manufactured, and marketed by Defendant Instant Pot Company, and purchased through Defendant Amazon.com LLC in Santa

Complaint

Clara County.  A malfunction of the Product's pressure safety valve, caused its scalding hot and still-pressurized contents to burst out of the Product as Plaintiff opened it, resulting in serious and substantial burns to her chest, abdomen, arms and chin.

2.     The true names and capacities, whether individual, corporate, associate, or otherwise, of all Defendants named herein as DOES 1 through 99, inclusive, are unknown to Plaintiff who therefore sues said Defendants by such fictitious names. Plaintiff prays leave to amend this complaint to show the true names and capacities of these Defendants when they are ascertained.

3.     Plaintiff is informed and believes, and thereon alleges that each DOE Defendant was the agent, servant, and employee of the other Defendants, and was acting at all times within the scope of his/her agency and employment, and with the knowledge and consent of his/her employer. Defendants, and each of them, at all times herein mentioned acted jointly and in concert and conspired and agreed to do the things hereinafter specified; and each and all of the things hereinafter alleged to have been done by Defendants, or any of them, were done as co-conspirators and thus, as agents for each other, as well as in their respective corporate or individual capacities, to advance their own individual interests. As a result of participating in the acts alleged herein, each Defendant, including the DOE Defendants, is liable to Plaintiff.

## JURISDICTION AND VENUE

4.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1332.

5.     Plaintiff further invokes the pendent jurisdiction of this Court to consider claims arising out of state law.

6.     Venue is proper pursuant to 28 U.S.C. §1391.

## PARTIES

7.     Plaintiff is an individual who resides in Santa Clara County, California. Plaintiff purchased the Product online, on her home computer.  The Product was delivered to Plaintiff's home/residence, where the incident took place.

8.     Plaintiff is informed and believes, and thereon alleges that Defendant, Instant Pot Company ("Instant Pot"), is, and at all times mentioned herein was, a Canadian company

-2-

doing business in the County of Santa Clara, itself and together with corporate partners and corporate alliances; and that Instant Pot is involved in the manufacture, marketing, distribution and sale of products in Santa Clara County and in a national and international market.

9.     Plaintiff is informed and believes, and thereon alleges that Defendant, Amazon.com LLC ("Amazon"), is a Delaware Limited Liability Company which is, and at all times mentioned herein was, qualified to do business in California and doing business in the County of Santa Clara.  Amazon sold Plaintiff the defective Product at issue in the instant action.

**FIRST CAUSE OF ACTION**
(Negligence – as to All Defendants)

10.     Plaintiff incorporates by this reference each and every allegation in Paragraphs 1 through 9 as though fully set forth herein.

11.     At all times relevant herein, Defendants had a duty to exercise reasonable care, and to comply with the existing standards of care, in their preparation, design, research, development, manufacture, inspection, labeling, marketing, promotion and sale of the Product which Defendants introduced into the stream of commerce, including a duty to ensure that users would not suffer from unreasonable, dangerous, or untoward consequences of normal use of the Product.

12.     At all times relevant herein, Defendants had a duty to warn consumers of the risks and dangers of the normal use of their Product.

13.     At all times relevant herein, Defendants knew or reasonably should have known that the Product was unreasonably dangerous and defective when used as directed and as designed, including that the safety feature preventing the Product from opening when the contents are pressurized is defective.

14.     Based on what they knew or reasonably should have known as described above, Defendants deviated from the standard of due care, and were otherwise negligent in one or more of the following particulars: in failing to conduct those tests and studies necessary to determine that the Product was dangerous; in failing to instruct or warn consumers of the dangers of the Product; in failing to include appropriate precautions and instructions for the

safe use of the Product; in designing, manufacturing, promoting and selling a Product with a defective safety feature which does not prevent the Product from opening when the contents are pressurized; in manufacturing, promoting and selling a Product with a defective safety feature preventing the Product from opening when the contents are pressurized.

15.     The Product defects alleged above were a substantial contributing cause of the injuries and damages suffered by Plaintiff.

16.     The injuries and damages suffered by Plaintiff were the reasonably foreseeable result of Defendants' negligence.

17.     As a direct and proximate cause of the Defendants' negligence, Plaintiff experienced extreme pain and suffering, and sustained multiple burns to her chest, abdomen, arms and chin, resulting in burn scars.  In addition, Plaintiff has suffered lost wages and mental distress and anguish as a result of the incident.

18.     WHEREFORE, Plaintiff prays for judgment against Defendants, jointly and severally, in an amount to be determined according to proof but in an amount exceeding the jurisdictional minimum of this Court, for compensatory damages, special damages, plus interest, costs and attorney's fees.

**SECOND CAUSE OF ACTION**

(Strict Products Liability – Manufacture and Design – as to All Defendants)

19.     Plaintiff incorporates by this reference each and every allegation in Paragraphs 1 through 18 as though fully set forth herein.

20.     Plaintiff is in the class of persons that the Defendants should reasonably foresee as being subject to the harm caused by a defectively designed and manufactured Product insofar as Plaintiff was the type of person to whom the Product was intended to be sold.

21.     Defendants, which are engaged in the business of selling Products, designed, manufactured and supplied the Product and placed it into the stream of commerce in a defective and unreasonably dangerous condition such that the foreseeable risks exceeded the benefits associated with the design and/or formulation of the product.

Complaint

22.     The Product supplied to Plaintiff was defective in design and formulation, and was unreasonably dangerous when it left the hands of Defendants and reached the user and consumer of the product, Plaintiff, without substantial alternation in the condition in which it was sold.

23.     The Product manufactured and sold by Defendants was unreasonably and dangerously defective beyond the extent contemplated by ordinary consumers with ordinary knowledge regarding this product.

24.     Defendants' Product was defective due to inadequate clinical trials, testing and study, and inadequate reporting regarding the results of such studies.

25.     The product defects alleged above were a substantial contributing cause of the injuries and damages suffered by Plaintiff.

26.     As a direct and proximate cause of the Defendants' defective Product, Plaintiff experienced extreme pain and suffering, and sustained multiple burns to her chest, abdomen, arms and chin, resulting in burn scars.  In addition, Plaintiff has suffered lost wages and mental distress and anguish as a result of the incident.

27.     WHEREFORE, Plaintiff prays for judgment against Defendants, jointly and severally, in an amount to be determined according to proof but in an amount exceeding the jurisdictional minimum of this Court, for compensatory damages, plus interest, costs and attorney's fees.

### THIRD CAUSE OF ACTION
(Strict Products Liability – Failure to Warn – as to All Defendants)

28.     Plaintiff incorporates by this reference each and every allegation in Paragraphs 1 through 27 as though fully set forth herein.

29.     Defendants manufactured Products and placed them into the stream of commerce in a defective and unreasonably dangerous condition such that foreseeable risks exceeded the benefits associated with the design and/or formulation of the products.

30.     Defendants' Product was defective due to inadequate pre and post-marketing warning or instructions because, after Defendants knew or should have known of the risk of

-5-

1    injury from their Product, they failed to provide adequate warnings to the consumer, and

2    continued to promote their Product as safe.

3         31.    The defective warning labels on the Product were a substantial contributing

4    cause of the injuries and damages suffered by Plaintiff.

5         32.    As a direct and proximate cause of the Defendants' product defect, Plaintiff

6    experienced extreme pain and suffering, and sustained multiple burns to her chest, abdomen,

7    arms and chin, resulting in burn scars.  In addition, Plaintiff has suffered lost wages and mental

8    distress and anguish as a result of the incident.

9         33.    WHEREFORE, Plaintiff prays for judgment against Defendants, jointly and

10   severally, in an amount to be determined according to proof but in an amount exceeding the

11   jurisdictional minimum of this Court, for compensatory damages, plus interest, costs and

12   attorney's fees.

13                          **Demand for Jury Trial**

14        34.    Plaintiff hereby demands a jury trial in this action as provided by Rule 38(a) of

15   the Federal Rules of Civil Procedure.

16        WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them,

17   jointly and severally, as follows:

18        1.    For general damages according to proof;

19        2.    For special damages according to proof;

20        3.    For punitive damages in an amount to be determined at trial;

21        4.    For interest on damages provided by law (Civ. C. §§ 3287-3291, 3300-3302);

22        5.    For costs of suit incurred herein; and

23        6.    For such other and further relief as the Court deems just and proper.

24   DATED:  February 5, 2018                MEZZETTI LAW FIRM, INC.

25

26                                    __/s/ Robert L. Mezzetti II___
                                      ROBERT L. MEZZETTI, II

27

28

-6-

Complaint